| | |
|---|---|
| LETICIA CONTRERAS, | No. 1:17-cv-00329-DAD-MJS |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| FRESNO COUNTY EMPLOYEES' RETIREMENT ASSOCIATION, | (Doc. No. 8) |
| Defendant. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

This matter came before the court on June 20, 2017, for hearing of defendant's motion to dismiss pursuant to Federal Civil Procedure Rules 12(b)(1) and 12(b)(5) for lack of subject matter jurisdiction and improper service of process. (Doc. No. 8.) Plaintiff Leticia Contreras, proceeding pro se and *in forma pauperis*, appeared telephonically on her own behalf. Attorney Gale Hearst appeared on behalf of defendant Fresno County Employees' Retirement Association. After oral argument, the motion was taken under submission. For the reasons stated below, defendant's motion will be granted.

**FACTUAL BACKGROUND**

On March 7, 2017, plaintiff Leticia Contreras commenced this action against defendant Fresno County Employees' Retirement Association ("FCERA"). (Doc. No. 1.) The action now

1

proceeds on plaintiff's First Amended Complaint ("FAC"), filed on April 18, 2017. (Doc. No. 5.) In her complaint, plaintiff alleges claims under California Government Code §§ 31534 and 31725. (Doc. No. 1-1 at 1.)

Plaintiff was an employee of defendant FCERA who worked in the Department of Social Services. (Doc. No. 5 at 1–2.) On October 19, 2009, plaintiff was hit by a county vehicle while walking through a county parking lot. (*Id.* at 2.) She suffered multiple injuries that were documented by healthcare providers, including providers at Clovis Community Hospital. (*Id.* at 2.)

On October 21, 2009, plaintiff returned to work, with certain job duties modified to accommodate her work restrictions. (*Id.*) On January 9, 2012, defendant FCERA placed plaintiff on a leave of absence. (*Id.*)

Plaintiff applied for disability retirement on January 19, 2012. (*Id.*) The application was denied by the Board of Retirement on November 6, 2013. (*Id.*) Plaintiff submitted an appeal of this decision on November 13, 2013. (*Id.*) The appeal was denied on June 17, 2015. (*Id.*) Plaintiff then filed a Petition for Writ of Mandate with the Fresno County Superior Court, seeking to have the decision overturned. (*Id.*) The petition was denied on February 14, 2017. (*Id.*)

On May 5, 2017, defendant filed the instant motion to dismiss. (Doc. No. 8.) Plaintiff filed her opposition on May 19, 2017. (Doc. No. 15.) Defendant did not file a reply in support of their motion.

**LEGAL STANDARDS**

**A.      Federal Rule of Civil Procedure Rule 12(b)(1).**

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. Federal district courts generally have subject matter jurisdiction over civil cases through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331. *See Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1068 (9th Cir. 2005). In a motion to dismiss for lack of subject jurisdiction, a defendant may either attack the allegations of the complaint or the existence of subject matter jurisdiction in fact. *Thornhill Publ'g Co. v. Gen. Tel.*

2

*& Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Here, defendant argues that the allegations of the FAC are insufficient to invoke federal subject matter jurisdiction. (Doc. No. 8-1.) When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. *See Sea Vessel Inc. v. Reyes*, 23 F.3d 345, 347 (11th Cir. 1994); *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Accordingly, the factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *Savage v. Glendale Union High Sch. Dist.*, No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003); *Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. *Safe Air for Everyone*, 373 F.3d at 1039.

## ANALYSIS

In its motion to dismiss, defendant argues that plaintiff's FAC should be dismissed under Federal Civil Procedure Rule 12(b)(1) because the allegations of the complaint do not support either diversity or federal question jurisdiction. (Doc. No. 8-1.) Plaintiff opposes dismissal of the complaint. (Doc. No. 15 at 4.)

Here, in her FAC plaintiff alleges that she is a resident of California and a longtime employee of FCERA. (Doc. No. 1-1 at 1.) As such, the court construes the FAC to allege that plaintiff is a citizen of California. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return"); *CarMax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1091 n.38 (C.D. Cal. 2015) (finding allegations of a party's extensive and continuous period of residence and employment in a state sufficient to establish the party's citizenship in that state). Plaintiff brings claims against defendant FCERA, a government entity

3

that is also a citizen of California.[1] *See Moor v. County of Alameda*, 411 U.S. 693, 717 (1973) (noting that local governments are citizens of the states in which they are located). Because both parties are California citizens, there is no diversity of citizenship, and plaintiff cannot justify federal jurisdiction on this basis. *See* 28 U.S.C. § 1332(a)(2).

Plaintiff also does not identify a federal question or cite a federal statute giving the court jurisdiction over the subject matter described in the complaint. Rather, plaintiff's complaint alleges two claims under the California Government Code, both challenging Board of Retirement's denial of her application for disability benefits. (Doc. No. 1-1 at 1.) Plaintiff also does not assert that her state law claims necessarily require resolution of substantial federal issues. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (explaining that an action "arises under" federal law pursuant to § 1331 if the cause of action (i) is created by federal law, or (ii) necessarily requires resolution of a substantial question of federal law.). At the hearing on the pending motion plaintiff argued that the sole basis for her assertion of federal jurisdiction over her claims brought under the California Government Code was her contention that the decision of the Board of Retirement to deny her application for disability benefits was inconsistent with the finding that she was disabled made by Social Security Administrative Law Judges. However, this contention provides no basis upon which to find that this court has jurisdiction over the claims set forth in plaintiff's FAC. Accordingly, the court concludes that the allegations of plaintiff's complaint are insufficient to demonstrate federal question jurisdiction.

In the absence of a federal claim or diversity, this court lacks jurisdiction over plaintiff's complaint. The court therefore must dismiss the action. *See Mamigonian v. Biggs*, 710 F.3d 936, 942 (9th Cir. 2013) ("If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss."); *see generally* Fed. R. Civ. P. 12(h)(3). Defendant's motion to dismiss will be granted, and plaintiff's complaint will be dismissed without leave to
/////

---

[1] The court takes judicial notice of the fact that Fresno County is located in the state of California. *See* Fed. R. Evid. 201; 28 U.S.C. § 84(b).

amend.[2] *See Hagans v. Lavine*, 415 U.S. 528, 542–43 (1974) (dismissal for want of jurisdiction appropriate where the claim does not involve a federal controversy within the jurisdiction of the district court).

**CONCLUSION**

For the reasons set forth above,

1. Defendant's motion to dismiss (Doc. No. 8) is granted;
2. Plaintiff's FAC (Doc. No. 5) is dismissed without leave to amend; and
3. The clerk of the court is directed to close this case.

IT IS SO ORDERED.

Dated: **June 21, 2017**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

---

[2] In its motion to dismiss, defendant also argues that plaintiff's complaint should be dismissed for "insufficient service of process" under Federal Rule of Civil Procedure 12(b)(5). (Doc. No. 8-1 at 4.) Having found that dismissal is appropriate based on Federal Civil Procedure Rule 12(b)(1), the court does not now address defendant's arguments concerning improper service.

5